# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES

    vs.                                                                   CR No. 12-111-ML

NUNO EMANUEL REGO

## MEMORANDUM AND ORDER

Before the Court is a Motion to Correct under Fed. R. Crim. P. & Fed. R. Civ. P. 60(a) (Doc. #22) (the "Motion") filed by Defendant Nuno Emanuel Rego. Defendant requests that this Court order fifteen days jail credits "nunc pro tunc designation" from July 16, 2012, through August 1, 2012. The Government has responded by filing the Government's Objection to Defendant's Motion Requesting Nunc Pro Tunc Prison Time Credit (Doc. #24) (the "Objection"). For the reasons that follow, the Motion is DISMISSED without prejudice to being brought in the Southern District of West Virginia.

### FACTUAL BACKGROUND AND TRAVEL

Defendant is a native and citizen of Portugal. Objection at 1. In 2009, after felony convictions, he was deported. Id. Thereafter, he reentered the United States and was subsequently arrested on burglary and drug possession charges. Id. After serving his sentence on those charges at the Adult Correctional Institutions, he was detained by federal officials, specifically Immigration and Customs Enforcement ("ICE"), from July 16, 2012, until his August 10, 2012, arrest and arraignment on a charge of illegal reentry.[1] Motion at 1; Objection at 1. At that point Defendant was

---

[1] Defendant states that he was arrested by federal officials on July 16, 2012, and detained through August 1, 2012, Motion at 1, and thereafter through October 16, 2013, the date he mailed the instant Motion, id. at 1, 2. Presumably, the August 1 date refers to the day of his indictment. See Docket; see also Objection

transferred from ICE custody to the custody of the United States Attorney General, represented by the U.S. Marshals Service ("USMS"). Objection at 1.

After pleading guilty to the illegal reentry charge, Defendant was sentenced on December 21, 2012, to eighteen months imprisonment and three years of supervised release.[2] Judgment (Doc. #18) at 1-3. He was remanded to the custody of the USMS. Id. at 2. Judgment entered the same day. See Docket. Shortly thereafter, Defendant was transferred from USMS custody to that of the Bureau of Prisons ("BOP"), Judgment at 2; Objection at 2, and is currently serving his sentence at FCI McDowell, located in Welch, West Virginia, Motion at 2.

After exhausting his BOP administrative remedies, Objection at 2, Defendant filed the instant Motion on October 16, 2013, Motion at 2. The Motion was received by this Court on October 21, 2013. See Docket.

## DISCUSSION

Defendant avers that his Motion is brought pursuant to Fed. R. Crim. P. 36 and/or Fed. R. Civ. P. 60(a). Motion at 2. The Government counters that those rules are inapposite and that the Motion is properly brought as a petition under 28 U.S.C. 2241.[3] Objection at 3.

---

at 2.

[2] As a special condition of supervision, after completing his term of imprisonment Defendant is to be surrendered to immigration officials for deportation. Judgment at 4.

[3] Section 2241(c) provides in relevant part that:

The writ of habeas corpus shall not extend to a prisoner unless–

....

(3) He is in custody in violation of the Constitution or laws or treaties of the United States ....

28 U.S.C. § 2241(c).

The Supreme Court held in Preiser v. Rodriguez, 411 U.S. 475 (1973), that when a prisoner "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Id. at 500; see also United States v. Barrett, 178 F.3d 34, 50 n.10 (1st Cir. 1999) ("Federal prisoners are permitted to use § 2241 to attack the execution, rather than the validity of their sentences ...."). Clearly that is what Defendant is attempting to do here. He is not claiming that fifteen days were added to his sentence due to a clerical error, Fed. R. Crim. P. 36, or by mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, or any other reason listed in Fed. R. Civ. P. 60(b), see Fed. R. Civ. P. 60(b). Rather, he seeks a "speedier release," Preiser, 311 U.S. at 500, from prison. Thus, it is clear that the Motion is, in reality, a petition brought pursuant to § 2241, no matter how he has denominated his Motion. Cf. Leamer v. Fauver, 288 F.3d 532, 542 (3rd Cir. 2002).

The Supreme Court has also stated that "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004)(citing Al-Marri v. Rumsfeld, 360 F.3d 707, 710, 712 (7th Cir. 2004)) ; see also 28 U.S.C. §§ 2242, 2243; In re Dorsainvil, 119 F.3d 245, 249 (3rd Cir. 1997)(noting federal prisoners' obligation to file their § 2241 claims in the district in which they are confined). Here, Defendant is confined in the Southern District of West Virginia, and the warden of FCI McDowell is his custodian. See Al-Marri, 360 F.3d at 708 (noting that "there is a difference between authorizing and exercising custody").

Defendant argues that the Judgment states that the date of his offense ended on July 16, 2012. Motion at 1; see also Judgment at 1. However, this Court lacks jurisdiction to reach the merits of his claim. Rather, the district in which the prison is located is the proper district for proceedings under § 2241, and the

warden of that prison is the proper respondent. Al-Marri, 360 F.3d at 712; see also id. at 710 ("Appellate courts regularly dismiss actions under § 2241 filed outside the judicial district that contains the place of the prisoner's detention.").

## CONCLUSION

The Court concludes that Defendant's Motion is properly brought pursuant to § 2241. Therefore, it must be brought in the district in which Defendant is confined and name as respondent the person exercising physical custody over him. Accordingly, the Motion is DISMISSED without prejudice to being refiled in the Southern District of West Virginia.

SO ORDERED:

/s/ Mary M. Lisi
Mary M. Lisi
United States District Judge

Date: December 2, 2013